RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/10/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOHN WESTLEY (#110980)　　　　　　DOCKET NO. 14-CV-2781; SEC. P

VERSUS　　　　　　　　　　　　　　JUDGE DEE D. DRELL

SGT. HOWARD　　　　　　　　　　　　MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff John Westley, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983, on September 22, 2014. He was granted leave to proceed in forma pauperis on October 27, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is housed at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff claims that he was subjected to excessive force by Sgt. Howard. He was ordered to amend his complaint on October 28, 2014, and the amended complaint was filed on November 20, 2014.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

In his original complaint, Plaintiff alleged that, on September 22, 2013, he was allegedly engaged in a fight. Sgt. Howard grabbed Plaintiff around the neck, picked him up off of his feet, and slammed him to the ground "for no apparent reason." [Doc. #1, p.3] Plaintiff states that the incident was witnessed by several officers. He mentions that he received a disciplinary

charge related to the incident.

Plaintiff was ordered to amend his complaint to state the facts surrounding the use of force, what led up to the use of force, and whether he received any disciplinary conviction in connection with the incident.  If so, he was to state whether he lost any good time.  He was also told to describe what, if any, injury he suffered as a result of the alleged actions of Defendant Howard, whether he sought and received any medical treatment, the date(s) on which he sought and received treatment, and what treatment was received.

In his amended complaint, Plaintiff provided that he was examined after the incident and abrasions were noted on the back of Plaintiff's right arm.  On September 23, 2014, Plaintiff made a medical emergency call for back pain.  He was examined by a nurse, who noted a "bluish discoloration" on Plaintiff's left ring finger.  There was a 1 cm abrasion on Plaintiff's right hand pinky and ring fingers, and a .5 cm abrasion on the right hand middle finger.  On September, 2013, Plaintiff was examined again for complaints of dizziness and back pain.  He was administered medication and instructed to drink plenty of fluids.  On October 11, 2013, Plaintiff was examined by a physician who noted no objective injuries.

Documents submitted by Plaintiff support his claims regarding .5 to 1 cm abrasions on some of his fingers. They also note that,

on the date of the incident, Plaintiff was seen walking up to another inmate on Elm B2 tier and striking the inmate with Plaintiff's fists. [Doc. #9, p.6] The records show that Plaintiff was ordered to stop fighting, and he was placed in restraints. It was noted that Plaintiff appeared to be in an altered mental state, suggesting that he was intoxicated.

Plaintiff's exhibits establish that he received a disciplinary charge for fighting. However, Plaintiff failed to respond to the Court's order insofar as it instructed him to state whether he was convicted of a disciplinary infraction, what the violation was for, and whether he lost any good time.

### Law and Analysis

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force [by a prison guard] was wanton and unnecessary," the court considers "the extent of [the] injury suffered," "the need for [the] application of force, the relationship between that need and the amount of force used,

the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (citing Whitley, 475 U.S. at 321) (internal quotation marks omitted).

The Supreme Court has recognized that the Eighth Amendment includes an "objective component." That is, in considering a prisoner's claim, the court must ask if the alleged wrongdoing was objectively *harmful enough* to establish a constitutional violation. Id. at 8 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Not every malevolent touch by a prison guard gives rise to a federal cause of action. Id. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. See id. at 9-10.[1]

In this case, "the extent of [the] injury suffered," was minimal. Plaintiff's only objective injuries were tiny abrasions on his hands, which may very well have resulted from him hitting another inmate with his fists. Although Plaintiff complained of back pain, no objective findings were noted. Plaintiff's alleged dizziness did not occur until five days after the incident, and apparently subsided quickly. Moreover, Plaintiff sought no medical

---

[1] Moreover, under the Prison Litigation Reform Act, 28 U.S.C. §1997e(e), the prisoner must have suffered an injury that is more than *de minimis,* although it need not be significant. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

treatment after October 11, 2013.

Next, in this instance, officers were attempting to break up a fight between Plaintiff and another inmate. Thus, there may have been the need for the application of some force. It should be noted that Plaintiff does not allege the use of any force after he was restrained; thus, any force employed by the defendant ceased once Plaintiff was subdued. Therefore, it does not appear that force was inflicted simply to cause pain, but for the restoration of order. Additionally, it would be reasonable for the officers to perceive a potential threat in responding to a physical altercation between two inmates. Therefore, based on the foregoing factors, Plaintiff has not alleged a wrongdoing that was objectively *harmful enough* to establish a constitutional violation. Id. at 8 (citing Wilson v. Seiter, 501 U.S.

Moreover, Plaintiff was charged with a disciplinary violation. He failed to respond to the Court's inquiry as to the exact nature of the disciplinary charge, whether he was convicted, and if he lost good time. However, if he was convicted of any charge stemming from the incident with the defendant and lost good time, and his conviction was not overturned, then his present claim would also be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings).

Based on Plaintiff's allegations presented in the original and

amended complaints, the defendants' actions did not amount to a constitutional violation. Additionally, to the extent that Plaintiff was convicted of a disciplinary violation and sanctioned with the loss of good time, his complaint may be subject to dismissal under Heck.

### *Conclusion*

In conclusion, Plaintiff has failed to allege facts sufficient to state a claim for the violation of his constitutional rights.

Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 10th day of December, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE